IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH DICKMAN, | ) | CASE NO. 5:19-cv-54 |
| Plaintiff, | ) | JUDGE |
| vs. | ) | |
| TITAN GAS, LLC, | ) | **NOTICE OF REMOVAL** |
| Defendant. | ) | |

THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Titan Gas, LLC ("Titan Gas") timely removes the state-court action styled as *Keith Dickman v. Titan Gas, LLC*, Case No. CV-2018-12-5026, pending in the Court of Common Pleas of Summit County, Ohio (the "State Court Action") to the United States District Court for the Northern District of Ohio, Eastern Division on the basis of federal question jurisdiction. In support of its notice of removal, Titan Gas states as follows:

1. Removal to the United States District Court for the Northern District of Ohio, Eastern Division is proper because:

    A. This Court has federal question jurisdiction over Plaintiff's Complaint because it alleges violations of a federal statute, namely, the Telephone Consumer Protection Act ("TCPA"). *See Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 371 (2012) (holding "that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA");

    B. This Court has supplemental jurisdiction over Plaintiff's Consumer Sales Practices Act ("CSPA") and Telephone Solicitation Sales Act ("TSSA") claims because they are so related Plaintiff's federal TCPA claim that they form "part of the same case or controversy under Article III of the United States Constitution." *see* 28 U.S.C. § 1367(a);

  C. This Notice of Removal is timely filed and proper under 28 U.S.C. §§ 1441 and 1446; and

  D. The United States District Court for the Northern District of Ohio, Eastern Division, is the District Court of the United States for the District and Division embracing the place where the State Court Action was filed. *See* 28 U.S.C. § 115(a)(1).

## STATEMENT OF GROUNDS FOR REMOVAL

  A. **Defendant Has Satisfied The Procedural Requirements For Removal**

2. Titan Gas was formally served with process on December 12, 2018.

3. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. §§ 1441 and 1446.

4. The Summit County Court of Common Pleas, Summit County, Ohio, is located within the Norther District of Ohio. 28 U.S.C. § 115(a)(1). Venue is proper in this Court because it is the "district and division embracing the place where such [state court] action is pending." 28 U.S.C. § 1441(a).

5. This case is being removed from the Summit County Court of Common Pleas, Summit County, Ohio, and this Notice of Removal has been filed with the record office of the clerk of the court in that Court.

6. No previous application has been made for relief requested by this Notice.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all state-court papers, including the Complaint and Summons, are attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Summit County Court of Common Pleas, Summit County, Ohio.

### B. Removal Is Proper Because This Court Has Subject Matter Jurisdiction Over This Action

8. This case is removable based upon federal question jurisdiction. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. Plaintiff's Complaint sets forth a purported cause of action pertaining to alleged telephone calls made to Plaintiff's residential telephone line using an automated telephone dialing system. Based on these allegations, Plaintiff alleges that Titan Gas violated the TCPA. (*See* Compl. ¶¶ 26–39). This Court has original subject matter jurisdiction over actions brought pursuant to the TCPA. *See Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 371 (2012) (holding "that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA"); *see also Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 463 (6th Cir. 2010) (holding "the district court had federal-question jurisdiction over the claims under the [TCPA] and pendent jurisdiction over the request of the claims.")

10. Since Plaintiff's Complaint alleges violations of the TCPA, removal is proper pursuant to 28 U.S.C. § 1441.

11. Further, Plaintiff's action is not one of the types of actions described in 28 U.S.C. § 1445.

### C. The Court Has Supplemental Jurisdiction Over Plaintiff's Claims That Do Not Arise Under Federal Law

12. Based on the aforementioned allegations, Plaintiff also alleges violations of two state statutes, namely the CSPA and TSSA. (*See* Compl. ¶¶ 40–57). Plaintiff claims that the same allegations that underlie his TCPA claim also give rise his state-law claims. (*See id.*)

13. Since this Court has original jurisdiction over Plaintiff's TCPA claim, and

3

Plaintiff's state-law claims are related to his TCPA claim in such a manner that they form "part of the same case or controversy under Article III of the United States Constitution," this Court may exercise supplemental jurisdiction over Plaintiff's state-law claims. 28 U.S.C. § 1367(a). Thus, pursuant to 28 U.S.C. §§ 1367 and 1441, Plaintiff's entire Complaint is removable.

## PENDING MOTIONS

14. There are no pending motions in the state court proceeding.

## RESERVATION OF RIGHTS

15. Titan Gas reserves, without admission, waiver or relinquishment, all of its defenses to the Complaint.

WHEREFORE, Defendant Titan Gas removes the State Court Action from the Summit County Court of Common Pleas, Summit County, Ohio, to the United States District Court for the Northern District of Ohio.

Respectfully submitted,

*/s/* Gregory C Djordjevic
David D. Yeagley (0042399)
Gregory C. Djordjevic (0095943)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH  44113
Tel: (216) 583-7000
Fax: (216) 583-7001
dyeagley@ulmer.com
gdjordjevic@ulmer.com

*Attorneys for Defendant Titan Gas, LLC*

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Removal was filed electronically and was served by regular U.S. mail, postage prepaid, on the 9th day of January, 2019.

Bryan Anthony Reo
Reo Law, LLC
P.O. Box 5100
Mentor, OH 44061
*Attorney for Plaintiff*

                                                */s/* Gregory C. Djordjevic
                                                Gregory C. Djordjevic
                                                One of the Attorneys for Defendant
                                                Titan Gas, LLC